Seward, J. (orally).
This is a petition for an injunction. Plaintiffs say that they are the owners in fee simple and are in possession of a farm containing two hundred and thirty-four acres, situate in Union and Licking townships, in said county of Licking, extending on the south to the Licking reservoir; that the defendants are the keepers and proprietors of a tent saloon for the retailing of beer and other drinks on a small portion of land owned by the heirs at law of one Evan Fickle, deceased, extending out into said reservoir, but which does not immediately abut upon the lands of said plaintiffs; that for two months or more they have been engaged in the saloon business at said place, and to enable them to keep up their supply of beer and other liquors they have been in the habit of wagoning the same across plaintiffs’ said lands, sometimes going through plaintiffs’ lands at night and later by day, so that their trespass upon plaintiffs’ lands have become frequent and continually annoying to plaintiffs, and to their injury and irreparable damage; that the plaintiffs have frequently forbidden the defendants from going over their lands with the wagons containing their supplies of said beer, etc., but without avail, and they persist in so doing; that the defendants have no right-of-way over the lands of plaintiffs for such or any other purpose; that plaintiffs are without remedy save in a court of equity, and .are wholly unable by the ordinary process of the law to prevent the defendants from so trespassing upon the lands of plaintiffs, and that said trespasses are continuous and persistent; and they ask that an injunction be granted against the defendants from passing over their lands with their commodity.
A motion has been interposed to dissolve this temporary restraining order which was granted by the court, for the reason that the facts stated in the petition do not constitute a cause of action (which is in the nature of a demurrer), and for the fur *493 ther reason that the facts stated in the petition are not true. The testimony is principally in the nature of affidavits, and the affidavits are carbon copies, mostly. One of them reads:
“Solomon Holtsberry, being sworn, says that he is well acquainted with the premises of Lindley H..Bounds and Charles D. Bounds, described in plaintiffs’ petition, .and also with the lands now owned by the heirs of Evan Fickle, deceased, and all of said Fickle lands. That he has resided in the vicinity of said lands for the period of sixty-five years or more, and has known the same for that length of time; that for more than twenty-one years last past there has been an open and well-defined road or way ..leading from the public road through and across said lands of Lindsley and Charles Bounds to said Fickle tract of land now owned by said heirs at law of Evan Fickle, William Holtsberry and Wayne Fickle; that said road or way has been continuously open and publicly used as a road or way by any one desiring to travel the same, and especially by the families of William Holtsberry, Wayne Fickle and Evan Fickle for forty-five years and more last past to the knowledge of affiant; that there is no other inlet or outlet to said lands of said Ficldes other than said road, and the same has been exclusively used by said Holtsberry and Fickle families as an inlet and outlet for said term of forty-five years; that said road is open, in public use and is well worn and distinguishable, as much so as any other country road, and has been so to affiant’s knowledge for said term of forty-five years last past.”
There are a number of affidavits to the same import in.relation to the use of that way. The testimony on the part Of the defendants shows that there are 'gates maintained at the entrance to the road-way over the Bounds lands, and gates at the outlet of the right-of-way into the Fickle lands; that those gates have been maintained for a number of years. The testimony conclusively shows to the court that this has been a right-of-way for these people over that land for a great number of years, I presume first, before Bounds became the owner of the land, by consent of the then owner of the land. Bounds has owned the land since 1851, as the court recollects the testimony, or some-wheres along there, and sometimes the gates were left open; and Mr. Bounds talked to the Fickles about the matter, and told them that if they didn’t keep the gates shut he would fasten *494 them up, that they permitted his stock to get out, and he wanted the gates kept closed.
The evidence further shows that after they enter these gates there is no well-defined track which constitutes this right-of-way. The plaintiffs’ testimony tends to show that at times there were mud holes in the right-of-way, and they drove around, but the testimony is clear that the road or tracks at places is seventy-five feet wide—different tracks traveled over by these people—and they claim a right now, by prescription, to travel over this land.
The court does not think there is any such well-defined track as would give them a clear right to pass over this land that the court decree to them. The court is cited by the plaintiffs to the case in the 56th Ohio State Reports,, and it is similar to this case in many respects, but the Supreme Court, in passing upon this question at page 172 say:
“But it is not material on which ground we regard a right to an easement by prescription rests, whether,on that of a grant presumed from lapse of time, or from the justice and policy of protecting one who has long used and enjoyed a right in the character of owner, the practical result is the same; the party so using and enjoying the easement is adjudged as possessing the right in connection with his land as an incident thereto.
“The substance then of a title by prescription, whether it relate to the land or an easement in it, is the use and enjoyment of the land, or the easement, for the requisite period as an owner. No inquiry beyond this is required. The establishment of the claim, however, necessarily requires proof that the use was adversé to the real owner, and under a claim of right. Without such proof one could not be said to possess or use as an owner. Nor would the claim be consistent with a case where the possession is taken and held under the license or permission of the real owner.”
The court thinks this was held under the license and permission of Mr. Bounds, and the burden is upon the mover in this case to establish the contrary.
The court thinks this motion is not well taken, and it will be overruled, with exceptions.
I had intended to refer to this ease in the 2d C. C. Rep., but *495 I don’t know that it is necessary. It is to the same effect. It is the case of Young v. Spangler. I read from page 551:
“In the next place, the use and enjoyment of what is claimed must have been adverse, under claim of right, exclusive, continuous, uninterrupted,’’ etc.
That is a plain, common principle of law that is well recognized, and the court thinks that this was not an adverse use. It was used in common by both of these parties.
The court thinks the motion not well taken and it will be overruled with exceptions.